# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSE J. SANCHEZ,

                Plaintiff,

v.

BARRET WOMACK, and Others,

                Defendants.

1:17-cv-5011-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] ("R&R"), which recommends remanding this action to the Magistrate Court of Cobb County, Georgia.

On December 8, 2017, Defendant Barret Womack ("Defendant") sought leave to remove this state dispossessory action to this Court *in forma pauperis*. On December 11, 2017, the Magistrate Judge issued his R&R, granting Defendant's request for leave to proceed *in forma pauperis* for the limited purpose of determining whether the action was properly removed to this Court. No parties have filed objections to the R&R.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, the parties have not filed objections to the R&R, the Court reviews it for plain error.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. See 28 U.S.C. § 1441(a). The United States Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936);

The Magistrate Judge found that Plaintiff has asserted no federal claims. (R&R at 2). Instead, Defendant's Petition for Removal indicates that Plaintiff's action in the Magistrate Court of Cobb County is a dispossessory action to evict Defendant as a tenant for failure to pay rent. (R&R at 3). The Magistrate Judge found that "Defendant has not identified any federal question that the Plaintiff's state-court dispossessory action raises." (R&R at 3). The Magistrate Judge noted that "[t]o the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper." (R&R at 3-4); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("If a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense."). The Magistrate Judge found, finally, that Defendant has not alleged this Court has diversity jurisdiction over this action; instead, Defendant has indicated in the Civil Cover Sheet [2.1] that both Plaintiff and Defendant are citizens of Georgia. (R&R at 4).

The Court finds no plain error in the Magistrate Judge's findings and recommendations.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Cobb County, Georgia.

**SO ORDERED** this 29th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4